**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| GRAYSON T. MAXWELL, | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | Civil No. 25-3070-BAH |
| SMITHFIELD FOODS, INC., | * | |
| Defendant. | * | |

* * * * * * * * * * * * * *

## MEMORANDUM AND ORDER

Plaintiff Grayson T. Maxwell ("Plaintiff" or "Maxwell") filed the above-captioned employment discrimination complaint pro se against Smithfield Foods, Inc. ("Smithfield") alleging claims of disability discrimination, failure to accommodate, and retaliation under the Americans with Disabilities Act. ECF 1. After the Court had directed Plaintiff to correct a deficiency with the proposed summons and to file a U.S. Marshal service of process form, *see* ECF 4, the Clerk issued the summons, addressed to "Smithfield Foods, Inc.," to the U.S. Marshal for service. *See* ECF 7. The docket reflects the summons was returned executed, as the U.S. Postal Service return card was stamped October 10, 2025. *See* ECF 8. Plaintiff then filed a "Proof of Service Packet – Smithfield Foods, Inc.," which includes a "Notice of Rejected Service of Process" from Wolters Kluwer. ECF 10. The notice indicates that "[a]ccording to our records and/or the records of the Secretary of States, we are not the registered agent for the party you are attempting to serve." *Id.* at 4. The notice identifies the agent served as the Corporation Trust Inc. and the party served as Smithfield Foods, Inc. *Id.*

Plaintiff filed three motions for Clerk's entry of default, one of which named the defendant as "Smithfield Foods, Inc.," *see* ECF 12, and two of which named the defendant as "Smithfield Distributions, LLC," *see* ECFs 11 and 13. On November 24, 2025, the Clerk entered default and sent a notice of default to "Smithfield Foods, Inc." *See* ECF 14 (Clerk's entry of default); ECF 15 (notice of default). The following motions are before the Court: (1) Plaintiff's motion for default judgment, ECF 16; (2) Smithfield's motion to vacate order of default and to dismiss Plaintiff's claims, ECF 17, supported by a separately filed memorandum of law, ECF 18, which Plaintiff opposes, ECF 26, and to which Smithfield replied, ECF 27; (3) Plaintiff's motion to appoint counsel, ECF 25; and (4) Plaintiff's motion for leave to file a surreply, ECF 28.[1] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). The Court addresses each motion in turn.

## I. PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND SMITHFIELD'S MOTION TO VACATE DEFAULT AND DISMISS

Smithfield argues that default should be vacated and default judgment denied because of insufficient service of process. ECF 18, at 10–12. In a footnote, it clarifies that "Plaintiff incorrectly names 'Smithfield Foods, Inc.' as the defendant to this action. However, Plaintiff's employing entity was Smithfield Distribution, LLC, a subsidiary of Smithfield Foods, Inc. Accordingly, Smithfield Distribution, LLC is the entity to which Plaintiff's claims should be directed."[2] *Id.* at 7 n.2. Smithfield further argues that good cause also supports vacating default, applying the factors outlined in *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page even where they conflict with party-supplied page numbers.

[2] Smithfield's Local Rule 103.3 disclosure also notes that "Smithfield Distribution, LLC is a wholly-owned subsidiary of Smithfield Foods, Inc." ECF 19, at 1.

Cir. 2006). ECF 18, at 12–20. Smithfield also argues that dismissal with prejudice is warranted due to insufficient service within the deadline set by the Federal Rules of Civil Procedure. *Id.* at 20–23.

Plaintiff opposes, pointing to his good faith. ECF 26, at 2–3. While he admits that "the record reflects that Plaintiff was employed by Smithfield Distributions, LLC, the operating entity at the facility where Plaintiff worked," his "EEOC charge identified the Smithfield enterprise as his employer, and Smithfield entities share common ownership, representation, and notice of the claims asserted." *Id.* at 3. He further argues that he should be permitted to amend to name the correct defendant and that dismissal with prejudice is not warranted due to equitable considerations. *See id.* at 3–4. He also asks for appointment of counsel. *Id.* at 4. In reply, Smithfield contends that Plaintiff has conceded that vacatur of default is appropriate, ECF 27, at 2–4, that the Court should dismiss Plaintiff's claims with prejudice, *id.* at 4–7, and that the Court should ignore Plaintiff's asserted equitable considerations in dismissing his claims, *id.* at 7–11. Plaintiff seeks to file a surreply. ECF 28.

**A. The Circumstances Do Not Justify the Filing of a Surreply.**

Surreplies are typically disfavored. *See* Loc. R. 105.2(a) (D. Md. 2025) ("Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed."). "Surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003) (citing *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001)), *aff'd*, 85 F. App'x 960 (4th Cir. 2004). Plaintiff's proposed surreply here addresses issues already addressed in earlier filings—his contentions that service was proper and that dismissal with prejudice is not warranted. ECF 28-1, at 1–2. These circumstances do not justify filing a surreply. However, the Court will

consider the surreply to the extent it clarifies that "Plaintiff does not oppose vacatur of the Clerk's entry of default under Fed. R. Civ. P. 55(c) should the Court determine it appropriate." ECF 28-1, at 2.

**B. Vacatur of Default Is Warranted.**

Pursuant to Fed. R. Civ. P. 55(c), "[t]he court may set aside an entry of default for good cause[.]" The United States Court of Appeals for the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010); *see also Saunders v. Metro. Prop. Mgmt., Inc.*, 806 F. App'x 165, 168 (4th Cir. 2020) ("[T]he law disfavors disposition by default and accords preference to resolving a case on its merits."). Insufficient service of process is grounds for vacating default. *See Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089–90 (4th Cir. 1984) (reversing entry of default judgment and remanding for vacatur where record indicated service of process was not valid).

Where service has been properly made, the Fourth Circuit has set forth additional factors for district courts to consider when determining whether to set aside an entry of default: "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne*, 439 F.3d. at 204–05. "In weighing these factors, a district court should not 'place[ ] overarching emphasis on a single *Payne* factor.'" *Old Republic Nat'l Title Ins. v. Georg*, Civ. No. RDB-21-0842, 2023 WL 2185777, at *3 (D. Md. Feb. 23, 2023) (citing *Colleton Preparatory Acad.*, 616 F.3d at 419). "The disposition of motions made under Rule [ ] 55(c) . . . is a matter which lies largely within the discretion of the

trial judge." *Payne*, 439 F.3d at 204 (quoting *Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967)).

It is clear to the Court that setting aside default against Smithfield Foods, Inc., is warranted here, especially in light of Plaintiff's (albeit somewhat qualified) concession in agreement. *See* ECF 28-1, at 2 ("Plaintiff does not oppose vacatur of the Clerk's entry of default under Fed. R. Civ. P. 55(c) should the Court determine it appropriate."). The record reflects that Plaintiff erroneously named the parent company of his former employer and attempted to serve the registered agent of the subsidiary. *See* Maryland Department of Assessments and Taxation, Maryland Business Express, Business Entity Search, https://egov.maryland.gov/BusinessExpress/EntitySearch (reflecting that the registered agent for Smithfield Distribution, LLC, is the Corporation Trust Incorporated, 2405 York Road, Suite 201, Lutherville Timonium MD 21093-2264); ECF 8 (U.S. Marshal form indicating green card was returned with signature to summons returned executed).

True, the green card was returned signed, ECF 8, at 2–3, but service can only be proper if the someone designated to accept service for that specific entity was served. *See* Fed. R. Civ. P. 4(h)(1)(B) (authorizing service on a corporation, partnership, or association by serving "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process"). Smithfield Foods, Inc., is not registered to do business in Maryland and, as such, does not have a registered agent in Maryland. "[F]ederal courts have uniformly held that service of process upon a subsidiary or affiliated corporation does not confer jurisdiction on the parent corporation where separate corporate entities are maintained, absent evidence that the subsidiary is the *alter ego* of the parent." *Egle Nursing Home, Inc. v. Erie Ins. Grp.*, 981 F. Supp. 932, 936 (D. Md. 1997) (collecting cases). Because Smithfield was never properly served, default

must be set aside and default judgment denied. *See Armco, Inc.*, 733 F.2d at 1089–90. As such, the Court need not weigh the *Payne* factors.[3]

**C. Substitution of the Defendant, Not Dismissal of Plaintiff's Claims With Prejudice, is the Appropriate Remedy.**

Smithfield argues that Plaintiff's "claims" (not just Smithfield as a defendant) should be dismissed *with prejudice* as a sanction "because Plaintiff repeatedly deceived the Court." ECF 27, at 2; *see also* ECF 18, at 21. This request is excessive and not warranted on this record. First, to the extent Smithfield's argument for dismissal is based on a lack of personal jurisdiction, *see* ECF 18, at 1, "a dismissal for lack of personal jurisdiction must be without prejudice." *Zhang v. Bonomolo*, No. 24-1615, 2024 WL 4524527, at *1 (4th Cir. Oct. 18, 2024) (citing *Atkisson v. Holder*, 925 F.3d 606, 628 (4th Cir. 2019)), *cert. denied*, 145 S. Ct. 1337 (2025). And a dismissal for failure to serve within the time provided by the Federal Rules would also be without prejudice. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action *without prejudice* against that defendant or order that service be made within a specified time."). Nor is dismissal with prejudice appropriate as a sanction under these circumstances. *See Kronberg v. LaRouche*, 461 F. App'x 222, 225 (4th Cir. 2012) (affirming dismissal without prejudice as "consistent with the 'strong policy that cases be decided on the merits, and that dismissal without deciding the merits is the most extreme sanction' that should only be done 'with restraint'" (quoting *United States v. Shaffer Equipment Co.*, 11 F.3d 450, 462 (4th Cir. 1993))).

[3] Default was not entered against Smithfield Distribution, LLC. *See* ECFs 14 and 15. Even though its registered agent was served, the summons does not name it as the defendant. *See* Fed. R. Civ. P. 4(a)(1) (requiring a summons to "name the court and the parties" and "be directed to the defendant"); ECF 7 (summons naming Smithfield Foods, Inc.).

Given that the U.S. Marshal Service returned service as executed based on the signed postal return card, *see* ECF 8, Plaintiff's confusion as to whether service was properly effected is understandable. *See Bauer v. Comm'r*, 97 F.3d 45, 49 (4th Cir. 1996) (noting that, to a point, "trial courts are encouraged to liberally treat procedural errors made by *pro se* litigants, especially when a technical or arcane procedural rule is involved"); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that pro se pleadings are to be held to lest stringent standards than those drafted by lawyers). Nevertheless, Plaintiff should take care to carefully review the papers he submits to the Court and ensure, to the best of his ability, that he is properly representing their contents. *See* Fed. R. Civ. P. 11(b).

It is clear that the correct defendant is Smithfield Distribution, LLC. Plaintiff's EEOC charge names the respondent as, "SMITHFIELD FOODS," but counsel for respondent is listed as counsel for "Smithfield Distribution, LLC."[4] ECF 1-1, at 2; *see also* ECF 18, at 7 & n.2. Plaintiff even attempted service at Smithfield Distribution, LLC's resident agent. "In the interest of judicial efficiency and in its inherent authority to manage its docket, a district court can issue an order *sua sponte* that substitutes the proper defendant in a case where Plaintiff is proceeding *pro se*." *Kabando v. United States*, No. 1:15CV1040 JCC/JFA, 2015 WL 5052665, at *4 (E.D. Va. Aug. 26, 2015) (collecting cases); *Reedjospeph-Minkins v. DC Gov't Dept of Youth Rehab. Servs.*, Civ.

[4] That an employer has been misnamed in EEOC charges and/or federal suit is generally not grounds for dismissal or judgment in the employer's favor as long as adequate notice has been provided. "EEOC charges must be construed with utmost liberality since they are made by those unschooled in the technicalities of formal pleading." *Alvarado v. Bd. of Trs. of Montgomery Cmty. Coll.*, 848 F.2d 457, 460 (4th Cir. 1988) (quoting *Kaplan v. Int'l Alliance of Theatrical & Stage Employees,* 525 F.2d 1354, 1359 (9th Cir. 1975)) (reversing summary judgment where plaintiff erroneously named college itself, not board of trustees, as respondent in EEOC charge); *see also, e.g., Familia v. High,* Civ. No. TDC-21-1139, 2022 WL 899747, at *5 (D. Md. Mar. 28, 2022); *Jones v. Blair Wellness Ctr., LLC*, Civ. No. ADC-21-2606, 2022 WL 3992656, at *8 (D. Md. Sept. 1, 2022).

No. ELH-17-45, 2018 WL 3049509, at *9 (D. Md. June 20, 2018) (ordering the substitution of the correct defendant rather than outright dismissal). Indeed, parties regularly are able to seek substitution of the correct party without engaging the full apparatus of the time- and resource-intensive adversarial process. The Court will therefore dismiss Smithfield Foods, Inc., and order the Clerk to substitute Smithfield Distribution, LLC, for Smithfield Foods, Inc.[5]

The Court will also exercise its discretion to extend the service deadline by 60 days from the date of this memorandum and order to allow time for Plaintiff to submit corrected service documents and to serve Smithfield Distribution, LLC. "In light of the Supreme Court's dicta explaining that under the 1993 amendments to the Rules, 'courts have been accorded discretion to enlarge the [service of process] period *even if there is no good cause shown*,' courts in this Circuit have increasingly sanctioned extending time for parties to effect service even without cause." *LPUSA, LLC v. Wheelz Up Garage, Inc.*, Civ. No. DKC 24-1385, 2024 WL 4252986, at *2 (D. Md. Sept. 20, 2024) (emphasis in *LPUSA*) (additional internal quotation marks and citations omitted) (quoting *Henderson v. United States*, 517 U.S. 654, 662–63 (1996)); *see also Gelin v. Shuman*, 35 F.4th 212, 219 (4th Cir. 2022) (noting that "even without a showing of good cause, the district court *may* 'order that service be made within a specified time' rather than dismissing the action and that the choice between the two is left to the district court's discretion" (quoting

[5] This approach also comports with Supreme Court and Fourth Circuit precedent in applying Rule 15's relation-back requirement when a plaintiff amends to substitute a new defendant. *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 557 (2010) (unanimous) (holding that defendant corporation "should have known that [plaintiff]'s failure to name it as a defendant in her original complaint was due to a mistake concerning the proper party's identity," especially given the similar names of the related corporate identities, and finding that amendment related back to the date of the original pleading); *Goodman v. Praxair, Inc.*, 494 F.3d 458, 475 (4th Cir. 2007) (en banc) ("[W]hen a plaintiff alleges a comprehensible claim against one of a group of closely related and functioning business entities or corporations, the other entities in that group, barring a contrary showing, will be charged with knowledge under Rule 15(c)[(1)(C)(ii)] of the entity properly answerable to the claim.").

Fed. R. Civ. P. 4(m)). As explained in more detail below, Plaintiff will be directed to file a completed summons and U.S. Marshal service of process form for Smithfield Distribution, LLC.

## II. <u>PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL</u>

Turning now to Plaintiff's motion for appointment of counsel, ECF 25, the Court will deny that motion at this time. Under 28 U.S.C. § 1915(e)(1), the Court has discretion to appoint counsel for indigent civil litigants in exceptional circumstances. *See Bailey-El v. Hous. Auth. of Balt. City*, 185 F. Supp. 3d 661, 670 (D. Md. 2016) (citing *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975)), *aff'd in part, vacated on other grounds*, 686 F. App'x 228 (4th Cir. 2017). An indigent civil litigant "does not have an absolute right to appointment of counsel." *Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). Whether exceptional circumstances exist is a fact-specific determination. *See Whisenant v. Yaum*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989). Exceptional circumstances exist where (1) "the plaintiff 'has a colorable claim'" and (2) "considering the claim's objective complexity and the plaintiff's subjective abilities, . . . the plaintiff 'lacks the capacity to present it.'" *Jenkins v. Woodard*, 109 F.4th 242, 247 (4th Cir. 2024) (quoting *Whisenant*, 739 F.2d at 162). In *Jenkins*, the Fourth Circuit emphasized that in determining whether exceptional circumstances warrant appointment of counsel to a civil litigant, a district court should consider a litigant's carceral status, educational background, legal understanding, mental illness, and ability to access both legal research materials and evidence, as well as whether the case depends on the competing credibility of witnesses, who the pro se litigant would have difficulty cross-examining without the aid of a lawyer. *Id.* at 248–49.

It is not yet clear whether Plaintiff has a colorable claim as the sufficiency of the complaint has not yet been tested. But assuming he does, he has not demonstrated that exceptional

circumstances exist. While he points to his mental health difficulties that impact his ability to focus, ECF 25, at 3, those difficulties alone do not establish exceptional circumstances. Indeed, so far, he has been able to effectively argue his position. His motion will be denied without prejudice to raise the matter again should the case progress.

## III. CONCLUSION AND ORDER

For these reasons, it is this 18th day of September, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Smithfield's motion to set aside default and dismiss, ECF 17, IS GRANTED IN PART AND DENIED IN PART as follows;
    a. The Clerk's entry of default is VACATED against Smithfield Foods, Inc.;
    b. The motion to dismiss Plaintiff's claims with prejudice is DENIED;
2. Plaintiff's motion for default judgment, ECF 16, is DENIED;
3. Smithfield Distribution, Inc., is DISMISSED WITHOUT PREJUDICE;
4. The Clerk is directed to SUBSTITUTE Smithfield Distribution, LLC, for Smithfield Foods, Inc.;
5. The service deadline is EXTENDED 60 days from the date of this order;
6. Plaintiff's motion for leave to file a surreply, ECF 28, is DENIED except to the extent referenced above;
7. Plaintiff's motion for appointment of counsel, ECF 25, is DENIED;
8. The Clerk SHALL SEND a copy of this memorandum and order, together with one copy each of the U.S. Marshal and summons forms to Plaintiff;
9. Plaintiff IS GRANTED TWENTY-ONE (21) days from the date of this memorandum and order in which to complete the U.S. Marshal and summons forms

for Smithfield Distribution, LLC, and return them to the Clerk. Plaintiff is cautioned that the failure to return the completed U.S. Marshal and summons forms in a timely and complete manner may result in the dismissal of this case without prejudice and without further notice from the Court;

10. Upon receipt of the U.S. Marshal forms and summons forms, the Clerk SHALL ISSUE the summons and forward same together with the complaint, the U.S. Marshal form, and a **COPY OF THIS MEMORANDUM AND ORDER** to the U.S. Marshal;
11. The U.S. Marshal Service IS DIRECTED to effectuate service of process on Smithfield Distribution, LLC, at the address provided by Plaintiff. If the U.S. Marshal Service uses U.S. Postal Service delivery to effect service on the defendants, it shall do so by **RESTRICTED DELIVERY, CERTIFIED MAIL**;
12. The Clerk SHALL TRANSMIT a copy of this memorandum and order to the Plaintiff and counsel of record.

/s/
Brendan A. Hurson
United States District Judge